UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81215-CV-ALTMAN
MAGISTRATE JUDGE REID

HORACE HILL

       Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

       Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Petitioner, **Horace Hill**, a state prisoner tried and convicted by a jury in the Fifteenth Judicial Circuit of Palm Beach County, **Case No. 502012CF012894**, brings this federal habeas case, raising four claims. *See* [ECF No. 1].

In response to the Court's Order to Show Cause [ECF No. 5], Respondent argues that Petitioner's claims are procedurally defaulted. [ECF No. 9 at 21].

Although Petitioner was given an opportunity to file a reply in response to Respondent's assertion, Petitioner has failed to so do and the time for doing so has expired.

Accordingly, upon review of the Petition and all relevant documents in this case and the state court, the Undersigned **RECOMMENDS** that this Petition [ECF No. 1] be **DENIED** as procedurally defaulted and this case be **DISMISSED** because none of the claims were properly exhausted in state court and they are now procedurally barred.

## II. Petitioner's Claims

In this federal habeas case, the *pro se* petitioner has asserted the following four claims:

> GROUND ONE: Trial court violated Petitioner's rights and the Prohibition against double jeopardy by imposition of both conviction and sentence in counts of burglary and robbery as the robbery (forcible felony) was subsumed within the burglary count, denied Movant of due process of law and equal protections. U.S.C.A. Const. Amend. 6, 5, 14 [ECF No. 1 at 6-7, 10];

> GROUND TWO: Trial counsel's failure to properly object to the Prosecution's Discovery violation and failure to move and request a Richardson hearing, denied Petitioner of a fair and impartial Jury Trial and his constitutional rights to due process and equal protections of law, requiring a new trial. U.S.C.A. Const. Amend. 6, 14 [*Id*. at 10-11, 14];

> GROUND THREE: Trial counsel's failure to properly object to Juror Bolz's comment during (voir dire) Jury selection

showed that Mr. Bolz was no longer fair and impartial, deprived Petitioner of his constitutional rights to a fair trial, due process of law and equal protection, require a new trial. U.S.C.A. Const. Amend. 6, 14 [*Id.* at 14-15, 17]; and,

GROUND FOUR: Trial counsel was ineffective for failing to properly object to Prosecutions expert witness' trial testimony regarding cell phone tower tracking examiner Mike Bosillo and failed to request a Daubert hearing, deprived the Petitioner of his constitutional rights to due process of law, equal protections and a fair trial. U.S.C.A. Const. Amend. 6, 14 [*Id.* at 17-21].

### III. Relevant Procedural History

*a) Adjudication of Guilt*

On October 31, 2014, Petitioner was adjudicated guilty of (Count 1)—Burglary of an Occupied Dwelling with Assault or Battery, (Count 2)—Robbery with a Deadly Weapon, (Count 3)—False Imprisonment, and (Count 4)—Battery on a Person 65 Years of Age or Older, following a jury trial in **Case No. 502012CF012894**. [ECF No. 10-1 at 113]. He was sentenced to fifteen years' imprisonment on Counts 1 and 2, and to five years imprisonment on counts 3 and 4, all sentences to run concurrent, with credit for time served. [*Id.* at 115-116].

*b) Direct Appeal*

Petitioner appealed his convictions and sentences to the Florida Fourth District Court of Appeal ("Fourth District"), Case No. 4D14-4512. [*Id.* at 118-120, 122-123]. He raised a single ground on appeal not raised in this federal habeas petition. [*Id.* at 125-146]. The Fourth District *per curiam* affirmed Petitioner's

3

convictions and sentence on June 16, 2016. *Hill v. State*, 212 So. 3d 371 (Fla. 4th DCA 2016) (Table); [ECF No. 10-1 at 184]. The Fourth District also denied Petitioner's *pro se* motion to dismiss counsel, motion for rehearing, written opinion, and clarification on July 29, 2016. [ECF No. 10-1 at 186-190, 192].

   c) *Post-conviction Procedural History*

   Petitioner filed motions to modify, mitigate and/or reduce his sentence in the trial court on September 22, 2016, and October 25, 2016, respectively [*Id*. at 196-200, 202-205], which were denied. [*Id*. at 207-208]. On May 3, 2017, Petitioner filed a petition for writ of habeas corpus in the Fourth District, Case No. 4D17-1415, alleging ineffective assistance of appellate counsel. [*Id*. at 210, 212-232]. The petition was denied by the Fourth District without comment [*Id*. at 293], and Petitioner's motion for rehearing and written opinion and clarification were denied without comment on July 17, 2017. [ECF No. 10-2 at 2].

   On May 12, 2017, Petitioner filed his first *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 and an amended motion on September 20, 2017. [*Id*. at 4-36; 87-111]. The trial court issued an order directing the State to respond to the amended motion [*Id*. at 113], and after some time had passed without a response, Petitioner filed a petition for writ of mandamus in the Fourth District, Case No. 4D18-2588. [*Id*. at 115-116, 118-120]. An order to show cause was issued by the appellate court [*Id*. at 154]. The State then responded to Petitioner's amended

4

motion, asserting that the motion was procedurally barred as facially insufficient for not being properly sworn. [*Id*. at 156-159]. In response, on September 12, 2018, the trial court granted Petitioner leave to amend the motion by providing a motion with a proper oath within sixty days. [*Id*. at 193-194].

On September 21, 2018, Petitioner filed a second amended motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. [*Id*. at 207-231]. In his second amended motion, which was identical to his first amended motion, Petitioner raised seven grounds, four of which are the same grounds raised in this federal habeas petition. [*Id*.]. Specifically, Petitioner alleged that (a) (Ground 1)—trial counsel was ineffective for failing to move to strike the entire jury panel following comments made by potential juror Bolz[1] [*Id*. at 209-212]; (b) (Ground 2)—trial counsel was ineffective for failing to object to the State's discovery violation or properly request a *Richardson* hearing based on the alleged discovery violation[2] [*Id*. 212-214]; (c) (Ground 3)—trial counsel was ineffective for failing to request a Daubert hearing and moving to exclude testimony about cell tower tracking[3] [*Id*. at 214-216]; and (d) (Ground 7)—the verdict was contrary to the law and weight of the evidence, *i.e.*,.

---

[1] Ground 1 in Petitioner's amended 3.850 motion [ECF No. 10-2 at 209-212], is the same as Ground 3 in this federal habeas petition. [ECF No. 1 at 14-15, 17].

[2] Ground 2 in Petitioner's amended 3.850 motion [ECF No. 10-2 at 212-214], is the same as Ground 2 in this federal habeas petition. [ECF No. 1 at 10-11, 14].

[3] Ground 3 in Petitioner's amended 3.850 motion [ECF No. 10-2 at 214-216], is the same as Ground 4 in this federal habeas petition. [ECF No. 1 at 17-21].

the trial court erred in entering convictions for burglary of an occupied dwelling with assault or battery and battery on a person 65 years of age or older, as the latter is subsumed in the conviction for the former.[4] [*Id*. 224-227].

On November 27, 2018, the trial court issued an order, denying Grounds 1, 2, 5, 6, and 7 of the second amended 3.850 motion, and directed the State to respond to Grounds 3 and 4. [*Id*. at 239-250]. The State responded to Grounds 3 and 4, asserting that they were meritless and should be summarily denied. [*Id*. at 273-287]. On March 4, 2019, the trial court issued an order denying Grounds 3 and 4 as meritless, and incorporating the November 27, 2018 order denying grounds 1, 2, 5, 6, and 7. [ECF No. 10-5 at 34-41]. Following this final ruling on the second amended motion for post-conviction relief by the trial court, the appellate court dismissed Petitioner's petition for writ of mandamus as moot on March 21, 2019. [*Id*. at 43].

On June 12, 2019, Petitioner filed a "motion for postconviction belated appeal" ("motion for belated appeal") of the March 4, 2019 order denying Grounds 3 and 4 of his second amended motion for post-conviction relief in the Fourth District, Case No. 4D19-1997. [*Id.* at 47-52]. However, following a response by the State [*Id.* at 65-69], and a reply by Petitioner [*Id.* at 71-73], on August 5, 2019, the Fourth District denied the petition for a belated appeal on the merits. [*Id.* at 75].

---

[4] Ground 7 in Petitioner's amended 3.850 motion [ECF No. 10-2 at 224-227], is the same as Ground 1 in this federal habeas petition. [ECF No. 1 at 6-7, 10].

Petitioner filed the instant petition for writ of habeas corpus in this Court on August 27, 2019. [ECF No. 1].

## IV. Statute of Limitations

Respondent properly concedes that Petitioner's § 2254 petition is timely under 28 U.S.C. § 2244(d)(1).

## V. Discussion

The State asserts that all of Petitioner's claims are unexhausted, and thus, procedurally barred from federal habeas review. [ECF No. 9 at 27]. Petitioner has not filed a reply. Accordingly, after careful review of this federal habeas petition, Respondent's response to the Court's Order to Show Cause, and a thorough review of the record, as discussed below, Grounds 1, 2, 3, and 4 of this federal habeas petition are unexhausted and procedurally barred.

### a) Exhaustion

Petitioner's federal habeas case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996). *See also  Abdul–Kabir v. Quarterman*, 530 U.S. 233, 246 (2007); *see also Davis v. Jones*, 506 F.3d 1325, 1331 n.9. (11th Cir. 2007). ″AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions

in the state criminal justice systems, and not as a means of error correction.'" *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016) (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

Issues raised in a federal habeas corpus petition must have been "fairly presented" to the state courts and thereby exhausted prior to their consideration on the merits. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *see also* 28 U.S.C. § 2254(b), (c); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *Baldwin v. Reese*, 541 U.S. 27 (2004). Further, exhaustion requires review by both the state appellate and post-conviction courts. *See Mason v. Allen*, 605 F.3d 1114 (11th Cir. 2010); *Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005).

In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by the filing of a Rule 3.850 motion and an appeal from its denial, *see Nieves v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 520, 521 (11th Cir. 2019) (citations and quotations omitted), or in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion and an appeal from its denial. *See Schlabach v. State*, 37 So. 3d 230, 232 (2010).

A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 275-277 (1971). To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." *Jimenez v. Fla. Dep't. of Corr.*, 481 F. 3d 1337 (11th Cir. 2007) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). "It is not sufficient merely that the federal habeas petitioner has been through the state courts...nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004) (citations omitted).

b)  *Failure to Exhaust*

In the instant case, Petitioner did not timely appeal the orders denying the claims raised in his second amended Rule 3.850 motion to the state appellate court, the Fourth District. [ECF No. 10-5 at 47-52]. Although Petitioner sought to obtain a

9

belated appeal of the order (or orders), the Fourth District found he was not entitled to a belated appeal. [*Id*. at 75]. As a result, Petitioner did not perfect an appeal of the orders denying his second amended  Rule 3.850 claims.

Notably, the only claims Petitioner raises in his federal habeas petition [ECF No. 1], are claims which were first raised in Petitioner's second amended Rule 3.850 motion. [ECF No. 10-2 at 207-231]. As a result, Petitioner has not exhausted any of the claims he now raises in this Court, because he did not first timely and properly raise them on appeal in the state district court of appeal, the Fourth District.

c) *Procedural Default*

Additionally, Petitioner's claims are now procedurally defaulted because Petitioner cannot not return to the state courts to exhaust them.

Unexhausted claims may be treated "as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. *Id.* at 1302-03.

First, Petitioner was not appealing an illegal sentence or a death sentence, therefore he had two years from the time his judgment and sentence became final to file a motion for post-conviction relief. *See* Fla. R. Crim. P. 3.850(b); *see also Paez v. State of Fla.*, 512 So. 2d 363, 263-64 (Fla. 3d DCA 1987). Petitioner's sentence became final ninety days after the Fourth District's July 29, 2016 denial of Petitioner's motion for rehearing of his direct appeal. *See Mendoza v. Attorney Gen. of Fla.*, No. 16-17465-G, 2017 WL 6403505, at *4 (11th Cir. Apr. 13, 2017) (citing U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.1 (providing that a petition for a writ of *certiorari* is timely when filed within 90 days after entry of the judgment), 13.3 (providing that, if a petition for rehearing is timely filed in the lower court, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of *certiorari* runs from the date of the denial of rehearing, or if rehearing is granted, the subsequent entry of judgment)).

Since more than two years have now elapsed since Petitioner's convictions and sentences became final, if Petitioner returned to state court he would now be untimely.

Moreover, in Florida, issues which could have been, or were, raised on direct appeal or in a timely motion for post-conviction relief, are procedurally barred from consideration in a later post-conviction proceeding. *See Kennedy v. State*, 547 So.

2d 912, 913 (Fla. 1989); *see also Christopher v. State,* 489 So. 2d 22, 24-25 (Fla. 1986); Fla. R. Crim. P. 3.850. Petitioner has already had a direct appeal and Petitioner's second amended Rule 3.850 motion was adjudicated on the merits. Accordingly, Petitioner is procedurally defaulted from returning to the trial court to bring a subsequent Rule 3.850 motion, because the new motion would be successive. *See Rightmire v. Fla., Sec'y Dep't of Corr.*, No. 17-10947-D, 2017 WL 3923327 at, *1 (11th Cir. May 15, 3017) (citing *Christopher*, 489 So. 2d at 24-25 (finding court can dismiss claims raised in a successive Rule 3.850 motion that were, or could have been, raised in a prior Rule 3.850 motion); *see also* Fla. R. Crim. P. 3.850(h)).

Petitioner can give no viable reason which would allow for the filing of a successive motion, especially one raising the same claims, and therefore relief would be properly summarily denied. *Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992). As such, Petitioner's claims in this federal habeas petition are procedurally defaulted from review because the unexhausted claims would be procedurally barred in state court.

d) *Exceptions to Procedural Default*

Petitioner's claims are procedurally defaulted and are barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

12

Cause for a procedural default exists where "something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (quoting *Coleman,* 501 U.S. at 753) (citation omitted) (emphasis in original). To show prejudice, a petitioner must demonstrate that the "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See McCoy v. Newsome,* 953 F.2d 1252, 1261 (11th Cir. 1992) (*quoting Murray v. Carrier,* 477 U.S. 478, 494 (1986)). The allegations of cause and prejudice must be factually specific, not conclusory. *Harris v. Comm'r, Ala. Dep't of Corr.,* 874 F.3d 682, 691 (11th Cir. 2017).

Here, Petitioner has shown no cause for failure to timely file an appeal of his second amended 3.850 post-conviction motion. In fact, all Petitioner asserts is that he sought a belated appeal and was unsuccessful. [ECF No. 1 at 22]. Further, even when considering Petitioner's rationale for his failure to timely file a notice of appeal in his motion for belated appeal to the Fourth Circuit, he still fails to show cause for the procedural default.

In Petitioner's motion for belated appeal, he contends that (1) he was attempting to hire an attorney to represent him to "rehabilitate" grounds 1, 2, 5, 6, and 7 which had previously been denied by the trial court; (2) that the attorney who he was "in conversations with" "hesitated, procrastinated[,] and prolonged" his

13

decision regarding whether to accept the job of representing him; (3) that the attorney did not tell him that the attorney would not be representing him until after the 30 day deadline for filing a notice of appeal had passed; and (4) this allegedly caused him to miss the 30-day timeframe to appeal the March 4, 2019 order denying grounds 3 and 4. [ECF No. 10-5 at 48-50].

The State filed a response to Petitioner's motion for belated appeal [*Id*. at 65-69], and Petitioner filed a reply [*Id*. at 71-73]. In Petitioner's reply, he claimed that "he mistakenly miscalculated the deadline date to file his notice of appeal due to the circumstances as outlined in his [motion for belated appeal], and therefore[,] it was beyond his control when he thought that the person he talked to was going to accept the job and represent him on appeal." [*Id*. at 72].

In *Coleman*, the petitioner had defaulted his claim because he failed to timely appeal the denial of his state habeas petition. 501 U.S. at 727. The petitioner argued that the cause for his default was his appellate counsel's failure to timely file an appeal. *Id.* at 752. The *Coleman* court concluded that such a procedural default may be excused only if the "cause" under the cause and prejudice test was something *external* to the petitioner that could not fairly be attributed to him. *Id.* at 753 ("As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules. In the absence of a constitutional

violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation[.]").

The Court recognized that attorney error could be seen as an external factor only if it violated the Sixth Amendment right to counsel. *Id.* at 754. However, because a defendant has no right to counsel in state collateral proceedings after exhaustion of direct appellate review, "it would defy logic . . . to hold that [a petitioner] ha[s] a right to counsel to appeal a state collateral determination of his claims of trial error." *Id.* at 756-57.

While Petitioner did not actually retain an attorney to represent him on appeal of his postconviction motion in this case, Petitioner did allege that he failed to timely file an appeal due to a mistaken calculation as a result of the failure of prospective counsel to represent him on appeal. Accordingly, similar to *Coleman*, because Petitioner was not entitled to counsel in his postconviction proceedings, Petitioner's claim that "he mistakenly miscalculated the deadline date to file his notice of appeal due to failure of counsel to represent him on appeal" [ECF No. 10-5 at 72], does not excuse Petitioner's procedural default.

Although, in *Martinez v. Ryan*, 556 U.S. 1, 16 (2012), the Supreme Court relaxed the *Coleman* cause-and-prejudice standard to excuse procedural default in a narrow category of cases, the Court in *Martinez* was careful to restrict its holding to ineffective assistance in the *initial*-review collateral proceeding in state court.

Specifically, the holding in *Martinez* "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . ." 556 U.S. at 16. *Martinez* "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id.* (citations omitted).

In the instant case, it is only the appeal of an initial review collateral proceeding that was defaulted. Therefore, the *Martinez* exception does not apply. "Broadening the rule to excuse Petitioner's failure to exhaust in this case would ignore the Supreme Court's emphatic statement that the *Martinez* rule creates only a narrow exception to *Coleman's* general rule." *See Sepulveda v. Sec'y, Dep't of Corr.*, No. 215CV587FTM38MRM, 2016 WL 4992437, at *7 (M.D. Fla. Sept. 19, 2016) (citing *Martinez*, 566 U.S. at 8-9).

Therefore, because Petitioner had no right to counsel on appeal of his Rule 3.850 second amended motion, any purported error based on miscalculation due to Petitioner being unable to retain an attorney leading to default of Petitioner's claims in state court, cannot constitute cause to excuse his default on federal habeas review. Because Petitioner has failed to meet one of the prerequisites for excusing his procedural default, Petitioner's claims are procedurally barred.

Petitioner has also not alleged that a fundamental miscarriage of justice will result from application of the procedural bar because he is actually innocent of the offenses. *See House v. Bell*, 547 U.S. 518, 538 (2006) (holding actual innocence requires substantive review only in extraordinary cases). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

To the contrary, the facts adduced at trial prove otherwise. At trial, the State introduced testimony from the victim  [ECF No. 9 at 4-5], a casino surveillance manager [*Id*. at 5], two of the victim's neighbors [*Id*. at 5-6], a sergeant [*Id*. at 6-7], Petitioner's wife [*Id*. at 7-8], a custodian of records of Metro PCS [*Id*. at 8], and two detectives. [*Id*. at 8-10]. The testimony from these witnesses, as well as the introduction of material evidence from the testimony of these witnesses, supported Petitioner's guilt as to his convictions. Accordingly, in this case, the record presents no evidence that would support a credible claim of actual innocence sufficient to overcome the procedural default.

In summary, Petitioner fails to demonstrate "actual cause" or "manifest injustice," and the Petition should be denied.

## VI. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted here.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

18

debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, because the petitioner can satisfy neither standard, this court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

## VIII. Recommendations

Based upon the foregoing, it is recommended that:

1.      this federal habeas petition [ECF No. 1] be **DENIED**;

2.      final judgment be entered in favor of Respondent;

3.      a certificate of appealability be **DENIED**; and,

4.      the case **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 6th day of August, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:  **Horace Hill**
     W49166
     Hamilton Correctional Institution
     Inmate Mail/Parcels
     10650 SW 46th Street
     Jasper, FL 32052
     PRO SE

     **Jeanine Marie Germanowicz**
     Attorney General Office
     1515 N Flagler Drive
     Suite 900
     West Palm Beach, FL 33401-3432
     Email: crimappwpb@myfloridalegal.com