UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81215-CIV-ALTMAN/Reid

HORACE HILL,

     *Petitioner*,

vs.

SECRETARY FOR THE FLORIDA
DEPARTMENT OF CORRECTIONS,

     *Respondent*.

_____/

## ORDER

**THIS MATTER** comes before the Court on the Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1]. On August 6, 2020, United States Magistrate Judge Lisette M. Reid entered a Report and Recommendation ("Report") [ECF No. 12], in which she recommended that this Court deny the Petition. *See* Report at 2. In that Report, Magistrate Judge Reid warned the Petitioner:

> Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.

*Id.* at 19. The Petitioner filed no objections.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have

been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the Petition, the record, and the applicable law and can find no clear error in the Report. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Report and Recommendation **[ECF No. 28]** is **ACCEPTED and ADOPTED** as follows:

1. The Petition **[ECF No. 1]** is **DENIED**.

2. A Certificate of Appealability is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case, all pending hearings and deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 31st day of August 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     *counsel of record*
        Horace Hill, *pro se*
        DC# W49166
        Hamilton Correctional Institution
        Inmate Mail/Parcels
        10650 SW 46th Street
        Jasper, FL 32052